# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIVI R. STAFFORD, MD, an individual,** | **CASE NO. 1:19-CV-00168-AWI-EPG** |
| **Plaintiff,** | |
| v. | **ORDER ON DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION UNDER THE *COLORADO RIVER* ABSTENTION DOCTRINE** |
| **AVENAL COMMUNITY HEALTH CENTER; KHUONG PHUI, D.O.; and DOES 1 through 5,** | |
| **Defendants.** | (Doc. No. 27) |

## INTRODUCTION

Plaintiff Vivi Stafford ("Plaintiff" or "Stafford") brought an action in the Fresno County Superior Court (the "State Court Action") alleging claims for, *inter alia*, discrimination, harassment and retaliation in violation of California law against her former employer, Avenal Community Health Center ("Avenal"). Stafford then filed this action (the "Federal Action") against Avenal and Defendant, Khuong Phui ("Phui")[1] for violations of 42 U.S.C.A. § 1981. In the instant motion, Defendants move to dismiss or stay this action pursuant to the *Colorado River* doctrine, in deference to the State Court Action. For the reasons stated below, the motion will be granted and this action will be stayed pending resolution of the State Court Action.

## BACKGROUND

On November 9, 2017, Stafford filed the State Court Action against Avenal for race discrimination, harassment, retaliation, and failure to prevent such conduct in violation of California's Fair Employment and Housing Act ("FEHA").[2] See Doc. No. 29, Ex. 1 ¶¶ 58-67, 68-

---

[1] Avenal and Phui are referred to collectively herein as "Defendants."
[2] Defendants request that the Court take judicial notice of the complaint in this action, Doc. No. 29 ¶ 4, Ex. 4, and of several records filed in the State Court Action including: (i) the complaint, Doc. No. 29 ¶ 1, Ex. 1; (ii) the Superior Court's October 24, 2018 Order on Avenal's Motion to Compel Plaintiff's Deposition Testimony, id. ¶ 2, Ex. 2; (iii) the Superior Court's December 3, 2018 Ruling on Motion to Disqualify, id., ¶ 3, Ex. 3; (iv) the Superior

77, 78-87, 88-94, 145-154. Stafford also alleged several non-FEHA causes of action, including breach of contract, slander and "intentional misrepresentation" based on the same series of events. See id., pp. 9-26.

The complaint in the State Court Action (the "State Court Complaint") alleges, *inter alia*, that:

(i) an Avenal "computer tech" by the name of Michael predicted that Stafford's employment with Avenal would only last six months, Doc. No. 29, Ex. 1, p. 3 ¶ 17;

(ii) an Avenal employee by the name of Christina "referred to herself as being half white and half black" and told Stafford that being thought of as "half white and half black" was "disgusting," id., Ex. 1, p. 3 ¶ 17 & p. 6 ¶ 33;

(iii) an Avenal medical assistant by the name of Betty asked Stafford why she did not wear a wig like another African-American employee at Avenal, id., Ex.1, p. 4 ¶ 21;

(iv) a computer software manager at Avenal threw a pen at Stafford, id., Ex. 1, p. 4 ¶ 24;

(v) Stafford received a group text message containing the word "nigga," id., Ex. 1, p. 5 ¶ 28 & Ex. D;

(vi) as Avenal's medical director, Phui treated Stafford unfairly in the peer review process, id., Ex. 1, pp. 5-6 ¶¶ 29, 33-34;

(vii) Avenal failed to include Stafford and her fiancé in certain recreational events at a work-related retreat, id., Ex. 1, p. 6 ¶ 36 & p. 9 ¶ 53;

(viii) unspecified Avenal employees called Stafford "crazy" and questioned her for eating salt, id., Ex. 1, p. 6 ¶ 38;

---

Court's December 12, 2018 Order on Avenal's Motion for Summary Judgment, id., Ex. 5; (v) the Superior Court's December 31, 2018 Judgment, id. ¶ 6, Ex. 6; and (vi) Stafford's February 8, 2019 Notice of Appeal, id. ¶ 7, Ex. 7. See Doc. No. 29. Plaintiff has not opposed this request. Pursuant to Federal Rule of Evidence 201, Defendants' Request for Judicial Notice is GRANTED as to the specified records in the State Court Action. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation and internal quotation marks omitted). Defendants' Request for Judicial Notice is DENIED as to the complaint in this action, Doc. No. 29 ¶ 4, Ex. 4, because it is unnecessary for the Court to take judicial notice of filings herein. See Willard v. Sebok, 2015 WL 391673, at *2 n. 2 (C.D. Cal. Jan. 28, 2015).

|   |       |                                                                                           |
|---|-------|-------------------------------------------------------------------------------------------|
| 1 | (ix)  | Stafford was falsely accused of "smoking pot," id., Ex. 1, pp. 6-7 ¶ 39;                  |
| 2 | (x)   | an Avenal executive "accused [Stafford] of being motivated in stealing," id., Ex. 1, p. 8 ¶ 45; |
| 4 | (xi)  | Stafford was told to "deal with racist statements" and that "there would be serious ramifications" if Stafford reported such statements, id., Ex. 1, p. 11 ¶ 64; and |
| 6 | (xii) | Avenal terminated Stafford's employment in retaliation for reporting the race discrimination Stafford experienced while in Avenal's employ. Id., Ex. 1, p. 15 ¶¶ 89-90. |

Avenal answered the State Court Complaint, denying the allegations, on December 28, 2017. Doc. No. 30 ¶ 3. Over the ensuing months, "the parties actively participated in the State Court Action litigation process" – including "propounding and responding to significant written discovery," "completing 7 days of party depositions," and extensive motion practice. Id. ¶ 4.

Avenal filed a comprehensive motion for summary judgment (addressing all 13 of Stafford's claims) in the State Court Action on August 24, 2018, Doc. No. 30 ¶ 5, and filed motions to compel deposition testimony a week or so later. See Doc No. 29, Ex. 2 at 1. On October 24, 2018, the state court granted Avenal's motions to compel. Doc. No. 30 ¶ 6; Doc. No. 29, Ex. 2 at 1-2. On October 25, 2018, Stafford filed a motion to disqualify the presiding judge in the State Court Action, asserting that the judge "ha[d] shown clear sympathy" for Avenal and "preferential treatment" to attorneys over *pro se* litigants, but, for whatever reason, did not immediately effect service of the motion on the judge. Doc. No. 30, ¶ 7 & Ex. A (Declaration).

The Superior Court issued a tentative ruling on Avenal's motion for summary judgment on November 13, 2018 and took the motion under submission on November 14, 2018 following oral argument. Doc. No. 30 ¶ 8.

Stafford served her motion to disqualify on the Superior Court judge following oral argument on Avenal's motion for summary judgment on November 14, 2018, Doc. No. 30 ¶ 8, and filed this action against Avenal – adding Phui as a defendant – in the United States District Court for the Central District of California on November 20, 2018, without immediately serving the complaint (the "Federal Complaint") on either Avenal or Phui. Doc. No. 30 ¶¶ 9 & 12; see

also, Doc. No. 1.

The Federal Complaint alleges causes of action against Avenal and Phui for violations of Section 1981 based on the same period of employment and the same series of events at issue in the State Court Complaint. See e.g., Doc. No. 1, p. 4 ¶ 6 ("The most egregious charged statement was a text message to the healthcare team which referenced a team member as a 'nigga.'"); p. 4 ¶ 9.a. ("[A]round September of 2016, Christina Castaneda, a receptionist at [Avenal], walked up to the Plaintiff, at which time Christina 'referred to herself as being half white and half black[]' as a type of humor."); p. 5 ¶ 9.b. ("The computer maintenance department staff member by the name of Michael told a staff member at the [Avenal] facility that Dr. Stafford would be there for six months at the most."); p. 5 ¶ 9.c. ("[A] medical assistant at [Avenal], asked [] Dr. Stafford why [] she did not wear a wig, as did an African-American Referral Clerk for [Avenal]."); p. 5 ¶ 9.d. ("The CFO of the facility Hemanta Mungur … accused Dr. Stafford of possibly stealing [a] computer based on her race in about May of 2017."); p. 5 ¶ 9.e ("In May of 2017 Hemanta Mungur stated that he gets racist statements all the time …[,] implying that the n-word statement should not have been offensive to Dr. Stafford."); p. 5 ¶ 9.f. ("[A] pen was thrown at Dr. Stafford by a technician at the clinic who was frustrated."); p. 7 ¶ 9.n. ("After Dr. Stafford reported the N-word to the clinic and other incidents of discrimination, it was an administrative decision to end Dr. Stafford's employment."); p. 8 ¶ 9.q. ("Christina Castaneda made a statement that mixed race people, Caucasian and African American was disgusting."); p. 8 ¶ 9.t. ("Dr. Stafford and her fiancé were not included in events on a work related retreat with [Avenal] because of her race."); and p. 12 ¶ 29 ("[T]he clinic referred to Dr. Stafford as using marijuana because of racial bias.").

Stafford's motion to disqualify the Superior Court judge was denied on December 3, 2018, on a finding that "[t]here [was] no evidence to support plaintiff's contentions that [the presiding judge] [wa]s biased or prejudiced towards plaintiff, or that [the presiding judge] [had] sympathies towards defendant, or that [the presiding judge] [had] been abusive or unlawful in her rulings." Doc. No. 30 ¶ 8; Doc. No. 29, Ex. 3 at 6:1-8. The order added, for good measure, that "[a] judge is not disqualified after rendering a legal or factual ruling or a decision in a case simply because the ruling or decision is unfavorable or disliked by a litigant." Doc. No. 29, Ex. 3 at 7:4-7.

1         On December 12, 2018, the Superior Court issued an order granting Avenal's motion for summary judgment in its entirety, see Doc. No. 30 ¶ 10 & Doc. No. 39, Ex. 5, and judgment was entered in Avenal's favor as to "all of claims or causes of action raised in [Stafford's] Complaint" the following day. Doc. No. 30 ¶ 11; Doc. No. 29, Ex. 6 at 1.

        Stafford later served the Federal Complaint on the Defendants, whereupon Defendants challenged venue. Doc. No. 30 ¶ 12. On February 6, 2019, the Federal Action was ordered transferred to the Eastern District of California. Doc. No. 30 ¶ 12. Two days later, on February 8, 2019, Stafford filed a Notice of Appeal in the State Court Action. Id. ¶ 13; Doc. No. 29, Ex. 7. Defendants filed the instant motion on March 1, 2019. Doc. No. 27.

### **Defendants' Motion**

        Defendants contend that the Court should abstain from exercising jurisdiction over this case under the *Colorado River* doctrine, which allows federal courts to dismiss or stay an action "due to the presence of a concurrent state proceeding for reasons of wise judicial administration," see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (quoting Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 818 (1976)), because this action involves the same "issues," "injuries" and "legal standards" as the State Court Action. Doc. No. 28 at 6:15-20. Defendants emphasize, in particular, that: (i) the Section 1981 claims in the Federal Action mimic the FEHA claims in the State Court Action, see id. at 7:23-8:3; (ii) this action is based on the same period of employment and series of events as the State Court Action, see id. at 5:7-6:14; (iii) the State Court Action has already progressed past the summary judgment phase, after more than a year of active litigation, see id. at 7:7-22; and (iv) Stafford is pursuing this action due to setbacks in the State Court Action, including setbacks in connection with Avenal's motion for summary judgment, motion to disqualify and motions to compel. See id. at 8:21-9:4.

*Plaintiff's Opposition*

        Stafford argues that staying or dismissing this action under *Colorado River* would be improper because the FEHA claims in the State Court Action implicate "state rights" and, thus, differ from the Section 1981 claims in this action, which implicate "Federal rights." Doc. No. 33 at 5:4-18. Stafford also contends that rulings in the State Court Action have shown that the state

5

1  court judge is biased in favor of Avenal and, thus, cannot be trusted to protect Stafford's rights
2  under federal law.  Id. at 3:22-24, 5:18-24.  Further, Stafford contends this action does not address
3  the "same issues" as the State Court Action because this action concerns allegations that Avenal
4  discriminated against her on the basis of race – and terminated her for related reasons – and that
5  Phui culpably permitted such wrongful conduct in his role as Avenal's medical director.  Id. 6:3-
6  15.[3]

   *Legal Standard*

8   The *Colorado River* doctrine deals "with the problem posed by the contemporaneous
9  exercise of concurrent jurisdiction by state and federal courts." Smith v. Central Ariz. Water
10 Conservation Dist., 418 F.3d 1028, 1032 (9th Cir. 2005) (citing Gilbertson v. Albright, 381 F.3d
11 965, 982 n.17 (9th Cir. 2004) (en banc)).  In "exceedingly rare" circumstances, *Colorado River*
12 recognizes "a narrow exception to the virtually unflagging obligation of the federal courts to
13 exercise the jurisdiction given them." Smith, 418 F.3d at 1032-33 (quoting Holder v. Holder, 305
14 F.3d 854, 867 (9th Cir. 2002)) (internal quotation marks omitted).  If "considerations of wise
15 judicial administration, giving regard to conservation of judicial resources and comprehensive
16 disposition of litigation" show that the federal case should defer to the state case, then the federal
17 court may abstain from exercising jurisdiction over the federal case.  R.R. St. & Co. Inc. v.
18 Transp. Ins. Co., 656 F.3d 966, 978 (9th Cir. 2011) (quoting Colorado River, 424 U.S. at 817)
19 (internal quotation marks and brackets omitted).

20  In deciding whether to dismiss or stay a federal case in favor of a state case, courts in the
21 Ninth Circuit examine eight factors: "(1) which court first assumed jurisdiction over any property
22 at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation;
23 (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law

---

[3] In addition, Stafford objects to Defendants' motion on the grounds that it was filed without meeting and conferring or a "notification to file a joint report," and on the grounds that the copy of the motion served on Stafford was captioned with the case number assigned by the Central District (where this action was initially filed), rather than the case number assigned when this matter was later transferred to this forum.  Doc. No. 33 at 7:15-26.  The first two objections are overruled on the grounds that the Court did not direct the parties to meet and confer or file a joint report in connection with this motion, and there is otherwise no meet and confer requirement or joint report requirement in connection with motions to dismiss or motions to stay.  The third objection is overruled on the grounds that Stafford has not shown – or even alleged – prejudice in connection with the erroneous case number, see Doc. No. 33 at 7:23-26, and, in fact, timely filed her opposition to Defendants' motion.

provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." R.R. St. & Co. at 978-79 (citing Holder, 305 F.3d at 870). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 16). "Some factors may not apply in some cases, and '[a]ny doubt as to whether a factor exists should be resolved against a stay' or dismissal." Montanore Minerals Corp. v. Bakie, 867 F.3d 1160, 1166 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017) (quoting Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 842 (9th Cir. 2017)).

*Analysis*

The Court considers each of the *Colorado River* factors in turn.

I. **Assumption of Jurisdiction Over Property**

The first factor is irrelevant since this action does not involve a specific piece of property. See R.R. Street & Co., 656 F.3d at 979.

II. **Inconvenience of the Federal Forum**

The second factor is irrelevant because the federal and state forums are both in Fresno, California. See R.R. Street & Co., 656 F.3d at 979 (finding that the second consideration is irrelevant where "both the federal and state forums are located in [the same city]").

III. **Avoidance of Piecemeal Litigation**

For purposes of the *Colorado River* analysis, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Seneca Ins. Co., 862 F.3d at 842 (quoting Am. Int'l Underwriters, Inc., 843 F.2d at 1258) (internal quotation marks omitted). Essentially all lawsuits that are prone to a *Colorado River* analysis, however, will involve piecemeal litigation to some extent. Id. Therefore, for this factor to weigh in favor of abstention, there must be "exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." Id. at 843 (citing Travelers Indem.

7

1  Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990)).

"Exceptional circumstances" exist when there is a "special or important rationale or legislative preference for resolving [all] issues in a single proceeding." Seneca Ins. Co., 862 F.3d at 843. For example, in *Colorado River* itself, exceptional circumstances were found to exist because there was a strong federal policy for adjudicating the water rights claims at issue in a state court proceeding. Colorado River, 424 U.S. at 819 (1976); see United States v. Morros, 268 F.3d 695, 706–07 (9th Cir. 2001) ("[I]t is evident that the avoidance of piecemeal litigation factor is met, as it was in … *Colorado River* itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts." (citation and internal quotation marks omitted)).

Defendants argue that "the threat of piecemeal litigation is certain" here because: (i) Stafford seeks to litigate the same issues in this action and the State Court Action (specifically, the race discrimination, harassment and retaliation that she allegedly suffered as an Avenal employee), Doc. No. 28 at 5:7-12; (ii) "the legal standards to be applied to [Stafford's Section 1981] claims are virtually identical to the standards that have already been applied to Plaintiff's FEHA claims by the California Superior Court in the State Court Action," id. at 6:18-20; and (iii) Stafford has noticed an appeal in the State Court Action, raising the prospect of claim and issue preclusion if the Superior Court's judgment is affirmed and the prospect of duplicative litigations and trials if the Court of Appeal reverses and remands as to Stafford's FEHA claims. Id. at 6:26-7:5.

Defendants are correct in all three respects, but crucially (for purposes of this factor), they fail to identify a policy, rationale or preference favoring unified state court adjudication of FEHA and Section 1981 claims that triggers the sort of concern about piecemeal litigation at issue in *Colorado River* and its progeny. Indeed, if anything, the fact that this action involves civil rights claims under a federal statute could be construed to favor the exercise of federal jurisdiction. See Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir. 1979) (stating that "the unflagging obligation of the federal courts to exercise the jurisdiction given to them … is particularly weighty when those seeking a hearing in federal court are asserting … [a] right to relief under 42 U.S.C. § 1983" (citation and internal quotation marks omitted)).

This factor, therefore, is neutral and does not weigh in favor of abstention under *Colorado

*River*, despite the acute and evident risk of duplicative litigation.

### IV.     The Order in Which the Forums Obtained Jurisdiction

The fourth factor in the *Colorado River* analysis is concerned with preventing waste of judicial resources and undue burden on defendants, see Madonna, 914 F.2d at 1370, and "as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp., 460 U.S. at 21. "Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Id. In *R.R. St. & Co.*, for example, the Ninth Circuit found this factor to be an "important consideration" weighing in favor of abstention because the state court had made "significant progress" prior to the filing of the federal action – including "conduct[ing] discovery," "initiat[ing] a phased approach to the litigation" and "issu[ing] an order concerning foundational legal matters" – and was thus "positioned to fully adjudicate" the dispute. R.R. St. & Co., 656 F.3d at 980; see Montanore Minerals Corp., 867 F.3d at 1168 & 1170 (directing district court to stay action under *Colorado River* where the state court "had made substantial progress, by the time the federal proceeding was filed").

Here, the Federal Action – which has not yet progressed past the pleading stage – was filed less than 30 days before the trial date in the State Court Action, following a year of active litigation (involving written discovery, depositions, mediation, motion practice and such) and after the Superior Court had taken Avenal's comprehensive motion for summary judgment under submission. Doc. No. 28 at 7:10-22. Since then, moreover, the Superior Court entered summary judgment in favor of Avenal on all of 13 of Stafford's claims, Doc. No. 29, Exs. 5 & 6, and Stafford has noticed an appeal. Id., Ex. 7. It is hard to imagine a starker contrast in the posture of two active cases or a more obvious risk of wasteful and unnecessarily burdensome litigation. The State Court Action is plainly "running well ahead" of this action in every respect, and this factor therefore weighs heavily in favor of abstention. Cf. Moses H. Cone Mem'l Hosp., 460 U.S. at 22 (finding stay was improper under *Colorado River* where the federal action was "running well ahead of the state court suit").

### V.     Whether State or Federal Law Provides the Rule of Decision on the Merits

The fifth factor in the *Colorado River* analysis looks at "whether federal law or state law provides the rule of decision on the merits." R.R. St. & Co., 656 F.3d at 978, 980. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender," Madonna, 914 F.2d at 1370 (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 26) (internal quotation marks omitted), but "this factor becomes less significant" where "state and federal courts have concurrent jurisdiction over a claim." Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (citing Moses H. Cone Mem'l Hosp., 460 U.S. at 25).

Here, the only claims in the Federal Action (Stafford's claims for Section 1981 violations) arise under federal law, while the claims in the State Court Action (including Stafford's FEHA claims) arise under state law. State courts, however, have concurrent jurisdiction over Section 1981 claims, DeHorney v. Bank of America Nat'l Trust & Savings Ass'n, 879 F.2d 459, 463 (9th Cir. 1989), and, notwithstanding Stafford's contention that "[t]his is a federal matter" involving "Federal rights" distinct from the "state rights" at issue in the State Court Action, Doc. No. 33 at 5:4-18, Section 1981 claims are analyzed under the same legal framework as FEHA claims. See Lewis v. City of Fresno, 834 F. Supp. 2d 990, 1003 (E.D. Cal. 2011) ("The same summary judgment test applies in both the section 1981 and FEHA contexts."); see also, Walker v. Brand Energy Servs., LCC, 726 F. Supp. 2d 1091, 1101 (E.D. Cal. 2010) (FEHA claims and Section 1981 claims governed by the same legal framework).

Thus, this factor weighs somewhat against abstention due to the federal Section 1981 claims, but due to the similarity between FEHA claims and Section 1981 claims and the fact the Superior Court has jurisdiction over both, this factor is "not of substantial weight." See Nakash, 882 F.2d at 1416; Riley v. City of Richmond, 2014 WL 5073804, *4 (N.D. Cal. Oct.9, 2014) (finding the source of law factor to be "less significant" in performing a *Colorado River* analysis because Section 1981 claims and FEHA claims for racial discrimination and harassment are "essentially the same").

**VI.   Whether the State Court Proceedings Can Adequately Protect the Rights of the Federal Litigants**

This factor concerns "whether the state court might be unable to enforce federal rights."

Seneca Ins. Co., 862 F.3d at 845. "If the state court cannot adequately protect the rights of the federal litigants, a *Colorado River* stay is inappropriate." Montanore Minerals Corp., 867 F.3d at 1169 (quoting R.R. St. & Co., 656 F.3d at 981) (internal quotation marks omitted). A state lawsuit cannot adequately protect the rights of a federal litigant if the federal litigant would not be able to raise and enforce his or her claims in the state lawsuit. R.R. St. & Co. Inc., 656 F.3d at 981. For example, a state lawsuit might be inadequate if the state court lacks jurisdiction to hear the federal litigant's claim. See Holder, 305 F.3d at 869 n.5. This factor is more important when it weighs against abstention, but it can weigh in favor of abstention "[w]hen it is clear that the state court has authority to address the rights and remedies at issue." Montanore Minerals Corp., 867 F.3d at 1169 (quoting R.R. St. & Co., 656 F.3d at 981) (internal quotation marks omitted).

As noted previously, state courts have concurrent jurisdiction with federal courts over Section 1981 claims, and Section 1981 claims are analyzed under the same framework as FEHA claims. Moreover, the Section 1981 claims here are based on the same series of events – and contemplate the same harms (race discrimination, harassment and retaliation) – as the FEHA claims that the Superior Court decided on summary judgment. Thus, given the opportunity, there is no reason the Superior Court could not resolve Stafford's Section 1981 claims "just as effectively" as this Court. See Clark v. Lacy, 376 F.3d 682, 688 (7th Cir. 2004) (finding that the adequacy factor weighed in favor of stay and stating "there is no fear that [plaintiff's] rights will not be adequately protected in the state proceeding as the same questions of law and fact are presented as in the federal case and the state court can resolve those questions just as effectively").

Further, it is unlikely that proceeding in this forum would somehow afford Stafford an opportunity to litigate her Section 1981 claims that she otherwise would not have. As discussed below in connection with the eighth *Colorado River* factor, an order from the California Court of Appeal affirming the Superior Court's judgment in Avenal's favor on Stafford's FEHA claims would likely preclude Stafford from prosecuting her Section 1981 claims in this forum under the doctrine of res judicata, and in the event of reversal and remand on Stafford's FEHA claims, Stafford could move the Superior Court to exercise jurisdiction over her Section 1981 claims

11

when litigation resumes in the State Court Action.[4] Cf. Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc., 896 F. Supp. 973, 977 (N.D. Cal. 1995) (staying under *Colorado River* plaintiff's Lanham Act false advertising claim, where Lanham Act claim was based on same facts alleged in state complaint in support of state law unfair competition claim and observing that "[plaintiff] can invoke the state court's concurrent jurisdiction over the Lanham Act claims ... if it so wishes").

Since there is no reason to believe the Superior Court cannot protect Stafford's rights under federal law, this factor somewhat favors abstention. See Montanore Minerals Corp., 867 F.3d at 1169; Riley, 2014 WL 5073804, at *3 (finding this factor to weigh in favor of a stay where plaintiff's federal employment claims paralleled his state court FEHA claims).

### VII. Avoidance of Forum Shopping

The seventh factor in the *Colorado River* analysis weighs in favor of abstention where the plaintiff engages in forum shopping or seeks to "avoid adverse rulings by the state court." Nakash, 882 F.2d at 1417 (citations omitted). "When evaluating forum shopping under *Colorado River*, [courts] consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." Seneca Ins. Co., 862 F.3d at 846 (citations omitted). "To avoid forum shopping, courts may consider 'the vexatious or reactive nature of either the federal or state litigation.'" R.R. St. & Co. Inc., 656 F.3d at 981 (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 17 n.20).

Here, there are several troubling indications that Stafford "has become dissatisfied with the state court and now seeks a new forum for [her] claims." Nakash, 882 F.2d at 1417. As noted above, for example, the complaint in this action was filed less than 30 days before the date set for trial in the State Court Action, shortly after rulings adverse to Stafford on Avenal's motions to compel and almost immediately following the tentative order and oral argument on Avenal's motion for summary judgment (which the Superior Court ultimately decided entirely in Avenal's

---

[4] Stafford also questions whether the presiding judge in the State Court Action can be trusted to adjudicate her claims fairly. See e.g., Doc. No. 33 at 3:22-23 (suggesting judge's order in Avenal's favor on motion for summary judgment was in retaliation for Stafford's motion to disqualify). Even assuming that such an issue is relevant to this analysis, it has been duly adjudicated by the Superior Court and the judge's impartiality was emphatically confirmed in the decisive order denying Stafford's motion to disqualify. Doc. No. 29, Ex. 3 at 7:11-12.

12

favor). Doc. No. 30 ¶¶ 6-11. Stafford brought a motion to disqualify the Superior Court judge in the month prior to the filing of this action, alleging, *inter alia*, that the Superior Court judge shows "preferential treatment" to attorneys over *pro se* litigants and had shown "clear sympathy" for Avenal in the course of the state court proceedings. Id. ¶¶ 8-9, Ex. A (Declaration). Stafford asserts in her opposition to the instant motion that the Superior Court judge may have made an intentionally false statement in ruling against Stafford on a motion to compel and that the summary judgment order in Avenal's favor may have been in retaliation for Stafford's motion to disqualify. Doc. No. 33 at 3:15-20 & 3:22-24. And given their pronounced factual and legal similarities, forum shopping appears to be the most plausible explanation for splitting the FEHA claims and the Section 1981 claims at issue here across two fora, as Stafford has done. Cf. Riley, 2014 WL 5073804, at *4 (finding that the forum shopping factor weighed in favor of a stay where plaintiff had split related claims across state and federal courts when he could have instead brought them all "in a single forum").

This factor therefore weighs heavily in favor of abstention.

### VIII. Whether the State Lawsuit Will Resolve All Issues in Federal Lawsuit

A court may abstain from exercising jurisdiction under *Colorado River* "only if it has 'full confidence' that the parallel state proceeding will end the litigation." Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988)). "When a district court decides to dismiss or stay under *Colorado River*, it [] concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties" and that "the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." Intel, 12 F.3d at 913 (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 28). "If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all …." Id. However, "exact parallelism [between the state and federal lawsuits] ... is not required." Nakash, 882 F.2d at 1416. "It is enough if the two proceedings are 'substantially similar,'" and courts "should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." Id. at

13

1416-1417 (citing Lumen Const., Inc. v. Brant Const. Co., 780 F.2d 691, 695 (7th Cir. 1985) (stating that in analyzing dismissal or stay under *Colorado River*, courts "look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case") and Calvert Fire Ins. Co. v. American Mut. Reins. Co., 600 F.2d 1228, 1233 (7th Cir.1979)). This factor can only weigh against abstention; it cannot weigh in favor of a stay or dismissal. Seneca Ins. Co., 862 F.3d at 845 (citing Moses H. Cone Mem'l Hosp., 460 U.S. at 25–26 and Colorado River, 424 U.S. at 817).

As set forth below, the Section 1981 claims in this action mimic the FHEA claims in the State Court Action both factually and legally and, thus, this factor does not preclude the Court from dismissing or staying Stafford's claims as to either Avenal or Phui under *Colorado River*.

### a. **Stafford's Claims Against Avenal**

"'Res judicata' describes the preclusive effect of a final judgment on the merits." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982); Trujillo v. Santa Clara Cty., 775 F.2d 1359, 1363 (9th Cir. 1985). "In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." Trujillo, 775 F.2d at 1366 (citing Cal. Civ. Proc. Code § 1908 and cases). This "primary right" analysis focuses on the "harm suffered, as opposed to the particular theory asserted by the litigant," and "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Slater v. Blackwood, 15 Cal.3d 791, 795 (1975) (citations omitted). "Moreover, California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) (citation omitted).

Stafford brought FEHA claims for race discrimination, harassment, retaliation and failure

to prevent such conduct against Avenal in the State Court Action. See Doc. No. 29, Ex. 1, ¶¶ 58-67 (race discrimination), 68-77 (harassment), 78-87 (failure to prevent harassment, discrimination or retaliation), 88-94 (retaliation), 145-154 (harassment). Unlike FEHA, Section 1981 does not appear to provide a "failure to prevent" claim, see Owens v. Walgreen Co., 2012 WL 2359996, at *1 n.1 (E.D. Cal. June 20, 2012), but like FEHA, it does provide a claim for race discrimination, as well as claims for harassment and retaliation. See Lockett v. Bayer Healthcare, 2008 WL 624847, at *4-*9 (N.D. Cal. Mar. 3, 2008).

Stafford has not specifically identified which species of Section 1981 claims she is pursuing against Avenal in this action, but whatever claims she is bringing arise from the same series of events and involve the same elements and legal analysis as the FEHA claims against Avenal in the State Court Action. See Lelaind v. City & Cty. of San Francisco, 576 F. Supp. 2d 1079, 1094, 1100-03 (N.D. Cal. 2008) (setting forth elements of claims for discrimination, retaliation, harassment under FEHA and Section 1981); see also, Sims v. City & Cty. of San Francisco, 2015 WL 1351143, at *5 (N.D. Cal. Mar. 25, 2015) (stating that "[t]he analysis of plaintiff's disparate treatment and retaliation claims under FEHA is the same as the analysis required for evaluation of his § 1981 claims"). Thus, the Section 1981 claims in this action would likely be barred on two separate bases following entry of final judgment in the State Court Action. First, they would be barred because they relate to the same primary rights – including, for example, "the right to be free from employment discrimination based on race" – as Stafford's FEHA claims. See Trujillo, 775 F.2d at 1366 ("Trujillo's sections 1981 and 1983 claims both relate to the same 'primary right' – the right to be free from employment discrimination based on race or national origin – as his state-adjudicated claim under the FEHA."). And second, they would be barred because Stafford could have brought them in the State Court Action but, for whatever reason, did not do so. See Dzhanikyan v. Liberty Mut. Ins. Co., 2014 WL 12781773, slip op. at *15 (C.D. Cal. May 9, 2014) (finding that Section 1981 claims were barred in federal court because they "*could have been brought* in [a] state court action" involving FEHA claims based on the same facts (emphasis original)).

Given the foregoing analysis, the Court concludes these proceedings are substantially

15

similar in relevant respects to the State Court Action, see Dzhanikyan, 2014 WL 12781773, at *11 (finding that federal action involving Section 1981 claims was "substantially similar" to state court action involving FEHA claims), and that final judgment in the State Court Action will resolve the issues relating to Avenal in this action. See Kremer, 456 U.S. at 466–67, 479–80, 485 (federal discrimination claims precluded by judgment on state anti-discrimination statute). Consequently, the Court is not precluded from abstaining from the exercise of jurisdiction over Stafford's Section 1981 claims against Avenal if abstention is otherwise warranted under *Colorado River*. See Riley, 2014 WL 5073804, at *4 (finding that resolution of FEHA claims in state court action would resolve 1981 claims in federal action by virtue of res judicata and granting a stay under *Colorado River*).

### b. **Stafford's Claims Against Phui**

The fact that Phui is not named as a defendant in the State Court Action does not itself preclude abstention under *Colorado River*, see Riley, 2014 WL 5073804, at *2, *4 (staying claims against a defendant named solely in the federal action); see also, Lumen Const., Inc., 780 F.2d at 695 (finding "the simple expedient of naming additional parties" is not sufficient to avoid application of *Colorado River*), but a separate analysis is necessary with respect to Phui because, unlike the claims against Avenal in this action, the claims against Phui in this action are not subject to claim preclusion. See Samara v. Matar, 5 Cal. 5th 322, 327 (2018) (claim preclusion applies "between the same parties" to a prior action).

In partial contrast to claim preclusion, which bars the relitigation of claims decided in prior actions, the doctrine of collateral estoppel – or "issue preclusion" – "bars the party to a prior action from relitigating any issues finally decided against him or her in the earlier action." George v. California Unemployment Ins. Appeals Bd., 179 Cal. App. 4th 1475, 1486, (citations omitted). Under collateral estoppel, prior adjudication of a required element of a claim may effectively preclude a claim – even if the entire claim is not barred under claim preclusion – resulting in dismissal. See, e.g., id. at 1486 ("When the issue previously decided is a required element of the FEHA cause of action, the prior adjudication may have a preclusive effect on the claim, even if the entire claim is not barred, resulting in a dismissal of the FEHA action."); cf. Lumpkin v. Jordan,

16

49 Cal. App. 4th 1223, 1231-32 (1996) (dismissing plaintiff's FEHA claim for religious discrimination based on federal court's finding, in deciding plaintiff's claim under 42 U.S. § 1983, that plaintiff had been "discharged … for legitimate, nondiscriminatory reasons").

As to Phui, the Federal Complaint alleges that: "Khuon [sic] Phui, D.O., and [Avenal] allowed discriminatory acts [to] happen to Dr. Stafford based on her race," Doc. No. 1, p. 16 ¶ 53; "Khuong Phui, D.O., and [Avenal] violated Dr. Stafford's civil rights by having her [] undergo separate treatment because of her race," including "disparaging remarks" and "retaliation," id., p. 16 ¶ 54; "Dr. Stafford['s] rights were violated by Dr. Phui and [Avenal] when they did not address the continued discrimination at the facility," id. p. 17 ¶ 56; and "Dr. Phui was the medical director and was negligent in not addressing the n-word in the workplace and then made statements in connection to Dr. Stafford which were not categorically true based on race discrimination." Id., p. 17 ¶ 57. Further, the Federal Complaint alleges that Phui: "defame[d] Dr. Stafford's level of care by 'making up stuff' to discredit her ability in working with patients," id., p. 7 ¶ 9.l.; "condoned negligent behavior towards Dr. Stafford based on her race," id., p. 7 ¶ 9.m.; and "assisted in the discrimination based on race when he had a professional duty as a physician not to support the discrimination." Id. p. 13 ¶ 34. Stafford, therefore, appears to allege that Phui both failed to prevent and directly engaged in race discrimination and related forms of wrongdoing in violation of Section 1981.

As noted above, Section 1981 does not appear to provide a claim for failure to prevent discrimination, but even if Section 1981 did provide such a claim, any claims Stafford could bring against Phui under Section 1981 require – as do Stafford's FEHA claims against Avenal – a predicate showing that Stafford actually encountered race discrimination, harassment or retaliation in the course of her employment with Avenal. See Lelaind, 576 F. Supp. 2d at 1094, 1100-03. Based on essentially the same facts as those alleged here, however, the Superior Court expressly found in granting summary judgment in Avenal's favor that Stafford "suffered no adverse employment action" to support her FEHA claims. Doc. No. 29, Ex. 5, pp.5-6 (also finding that Stafford failed to make a showing that "actionable discrimination or harassment occurred"). In the event the Superior Court's judgment is affirmed, therefore, Stafford would be barred by collateral

17

estoppel from relitigating such issues and would be unable to pursue Section 1981 claims against Phui in this forum. See Trujillo, 775 F.2d at 1369 (finding that state appellate court had found, in connection with a FEHA claim, that the reason for plaintiff's termination was nondiscriminatory and that plaintiff was therefore "collaterally estopped from relitigating th[e] issue" in connection with a federal discrimination claim); cf. Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp., 688 F.2d 166, 173 n.9 (3d Cir. 1982) (finding that a Pennsylvania's court's finding that defendant "had not been shown to have acted with a racially discriminatory motive [] would constitute collateral estoppel against a similar allegation in a [Section] 1981 action").

The Court, therefore, concludes that the State Court Action will resolve the issues relating to Phui in this action and that abstention as to Stafford's Section 1981 claims against Phui is not improper if warranted by the other *Colorado River* factors. See Riley, 2014 WL 5073804, at *2, *4.

### IX. Balancing of Factors

As stated above, the *Colorado River* factors "are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist," Am. Int'l Underwriters, Inc., 843 F.2d at 1257 (citations and internal quotations omitted), and "any doubt as to whether a factor exists should be resolved against a stay or dismissal." Montanore Minerals Corp., 867 F.3d at 1166 (citation and internal quotations and brackets omitted).

Here, the first and second factors are neutral because this action does not involve property and because the federal and state forums are in the same city. The third factor is also neutral (despite the acute risk of duplicative litigation in this case) because Defendants can point to no policy favoring the unified resolution of civil rights claims in a state court proceeding. The fourth factor weighs heavily in favor of abstention given the extent to which the State Court Action has progressed and the stark difference in the procedural postures of the State Court Action (which is on appeal) and the Federal Action (which is still in the pleading stage). The fifth factor weighs slightly against abstention because Stafford's Section 1981 claims arise under federal law, but that is mitigated by the factual and legal similarities between the FEHA claims and the Section 1981 claims at issue. The sixth factor weighs somewhat in favor of abstention since there is no doubt

18

that the Superior Court can adequately protect Stafford's rights.  And the seventh factor weighs heavily in favor of abstention given the striking indicia that Stafford filed this action in response to setbacks in the State Court Action.

In sum, then, three of the first seven factors are neutral; one weighs somewhat in favor of abstention; two weigh heavily in favor of abstention; and one weighs somewhat against abstention.  Since the balance of these factors favors abstention and the Court concludes, under the eighth factor, that the State Court Action will dispose of the issues in the Federal Action as to both Avenal and Phui, Defendants' motion will be granted.

### X. Stay or Dismissal

The Supreme Court has not answered "whether a dismissal or a stay should ordinarily be the preferred course of action when a district court finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit," Moses H. Cone Mem'l Hosp., 460 U.S. at 28, but "[w]hen it is appropriate for a court to decline to exercise jurisdiction pursuant to the *Colorado River* doctrine, [the Ninth Circuit] generally require[s] a stay rather than a dismissal" to "ensure[] that the federal forum will remain open if for some unexpected reason the state forum.... turn[s] out to be inadequate." Montanore Minerals Corp., 867 F.3d at 1166 (citation and internal quotation marks omitted).  The Court therefore finds that a stay rather than outright dismissal is warranted in this instance and stays this matter in its entirety.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss or, in the Alternative, Stay the Action Under the *Colorado River* Abstention Doctrine, Doc. No. 27, is GRANTED, and;
2. This action is STAYED in its entirety until the State Court Action, including the pending appeal, is finalized.

IT IS SO ORDERED.

Dated:   August 26, 2019           _____
                                    SENIOR DISTRICT JUDGE

20