UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVI R. STAFFORD, MD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AVENAL COMMUNITY HEALTH CENTER; KHUONG PHUI, D.O.; and DOES 1 through 5,<br><br>Defendants. | CASE NO. 1:19-CV-00168-AWI-EPG<br><br>**ORDER DISMISSING CASE**<br><br>(Doc. No. 46) |

On November 9, 2017, Plaintiff Vivi Stafford brought an action in Fresno County Superior Court, *Vivi R. Stafford v. Avenal Community Health Center*, Case No. 17CECG03822 (the "State Court Action"), alleging claims for discrimination, harassment, retaliation and such in violation of California law against her former employer, Avenal Community Health Center ("Avenal"). See Doc. No. 29 at 5.[1] On November 20, 2018, Stafford filed an action against Avenal and Khuong Phui ("Phui") (together, "Defendants") in this Court for violations of 42 U.S.C. § 1981 based on the same facts and series of events as the State Court Action. See Doc. No. 1.

On August 26, 2019, the Court issued an order under the *Colorado River* doctrine staying this action until finalization of the State Court Action, based in part on a finding that the State Court Action was likely to dispose of the issues in this action as to both Avenal and Phui. Doc. No. 43 at 19:10-18. On August 27, 2019, the Magistrate Judge ordered the parties to notify the

---

[1] Page citations to documents filed with the Court electronically are to the page number in the CM/ECF stamp at the top of each page.

Court within 14 days of the date on which the State Court Action, including the pending appeal, was finalized. Doc. No. 44.

Plaintiff took no action with respect to the Magistrate Judge's August 27, 2019 order, but on March 15, 2021, counsel for Avenal filed a declaration showing that California's Fifth District Court of Appeal issued an opinion on January 29, 2021 affirming the trial court's findings and judgment in the State Court Action. Doc. No. 45 at 2:3-7, 4. The declaration also requested dismissal of this action in its entirety based on overlap with the State Court Action. Id. at 2:10-13. The Court lifted the stay in this action for the limited purpose of addressing the question of dismissal and ordered Plaintiff to show cause within 21 days why the Court should not order dismissal of this action without prejudice pursuant to the *Colorado River* doctrine. Doc. No. 46.

That deadline has come and gone with no showing—or any other activity—on Plaintiff's part. In affirming the trial court, the Fifth Circuit Court of Appeal appears to have addressed all of the issues underlying the claims in this action, whether against Avenal or Phui. See Doc. No. 43. In other words, it seems (particularly given the lack of argument to the contrary from Plaintiff) that the State Court Action proved to "be an adequate vehicle for the complete and prompt resolution of the issues between the parties" and that there is nothing further for this Court to do in resolving the dispute between Plaintiff and Defendants. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). The Court therefore finds that dismissal under the *Colorado River* doctrine is warranted. See id.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED without prejudice, and;
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 6, 2021                                      _____
                                                            SENIOR DISTRICT JUDGE